1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WILLIAM KISSAS p/k/a/ "WILL K", <br><br> Plaintiff, <br><br> vs. <br><br> MACKENZIE JOHNSON p/k/a "MAKJ", an individual, TINASHE JORGENSEN KACHINGWE p/k/a "TINASHE", an individual, TINASHE MUSIC, INC., a California corporation, CONNOR MCDONOUGH, an individual, RILEY MCDONOUGH, an individual, and MAX LEVIN, an individual, <br><br> Defendants. | Case No. 2:20-cv-04534-RGK-JEM <br><br> [Hon. R. Gary Klausner] <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> [Discovery Document: Referred to Magistrate Judge John E. McDermott] <br><br> Trial Date:     August 24, 2021 |

1.  **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve the production of confidential, proprietary, private, or trade secret information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information and items that are entitled to confidential treatment under applicable legal principles.  The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.  **GOOD CAUSE STATEMENT**

This action is likely to involve commercial, financial, technical and/or proprietary information (including the amounts and whereabouts of music royalties and other revenue paid to all of the defendants from January 1, 2019, to the present, already subpoenaed by Plaintiff from fifteen (15) providers) for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, and commercial information (including information implicating privacy rights of the parties and third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

/ / /

1   Accordingly, to expedite the flow of information, to facilitate the prompt

2   resolution of disputes over confidentiality of discovery materials, to adequately

3   protect information the parties are entitled to keep confidential, to ensure that the

4   parties are permitted reasonable necessary uses of such material in preparation for

5   and in the conduct of trial, to address their handling at the end of the litigation, and

6   serve the ends of justice, a protective order for such information is justified in this

7   matter.  It is the intent of the parties that information will not be designated as

8   confidential for tactical reasons and that nothing will be so designated without a

9   good faith belief that it has been maintained in a confidential, non-public manner,

10  and that there is good cause why it should not be part of the public record of this

11  case.

12  **3.    DEFINITIONS**

13      3.1   Action:  *Kissas v. Johnson et al.*, United States District Court –

14  Central District Case No. 2:20-cv-04534-RGK-JEM.

15      3.2   Challenging Party:  A Party or Non-Party that challenges the

16  designation of information or items under this Order.

17      3.3   "CONFIDENTIAL" Information or Items:  Information

18  (regardless of how it is generated, stored or maintained) or tangible things that

19  qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified

20  above in the Good Cause Statement.

21      3.4   Counsel:  Outside Counsel of Record and House Counsel (as

22  well as their support staff).

23      3.5   Designating Party:  A Party or Non-Party that designates

24  information or items that it produces in disclosures or in responses to discovery as

25  "CONFIDENTIAL."

26  / / /

27  / / /

28  / / /

3.6     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, disclosed, or generated in connection with disclosures or responses to discovery in this matter.

3.7     Document: Any object from which information may be derived, including, but not limited to, writings, letters, notes, memoranda, correspondence, investigation files, reports, e-mails, messages, records, logs, invoices, bills, statements, contracts, agreements, leases, opinions, drawings, plans, graphs, charts, photographs, images, audio files, and recordings.  "Document" also includes electronically maintained information, including, but not limited to, electronic or computerized forms of any document, data and databases, electronic mail, and spreadsheets.

3.8     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, including such person's secretarial and clerical employees who are actively assisting him or her.

3.9     House Counsel:  Attorneys who are employees of a party to this Action, or a parent, subsidiary, or affiliate of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

/ / /

/ / /

4.2     Any use of Protected Material at trial shall be governed by either a separate written agreement of the Parties or the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**5.     <u>DURATION</u>**

5.1     Once the Action proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial

**6.     <u>DESIGNATING PROTECTED MATERIAL</u>**

6.1     The Designating Party shall have the right to designate as "CONFIDENTIAL" any documents, testimony or information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law, including but not limited to, discovery between the Parties and obtained from third parties.

6.2     <u>Exercise of Restraint and Care in Designating Material for Protection</u>:  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.3    Manner and Timing of Designations:  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, except in the case of documents produced by third parties, which shall be so designated within thirty (30) days of receipt by the Designating Party.

6.4    Designation in conformity with this Order requires the following:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must

determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c)     For testimony given in depositions, hearings, or other proceedings, that the Designating Party identify the Disclosure or Discovery Material (1) on the record, before the close of the deposition, hearing, or other proceeding; or (2) in a written notice to all other Parties, given within 21 days after the Designating Party's receipt of the transcript for the deposition protected testimony.

(d)     For information produced in any other form and for any other tangible items, that the Producing Party affix the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information is stored.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.5     <u>Inadvertent Failure to Designate:</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  The Receiving Party may dispute the corrected designation pursuant to the provisions of this order for challenging designations. Upon timely correction of a designation and until any dispute concerning the correction is resolved, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

/ / /

/ / /

## 7.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1   <u>Timing of Challenges</u>:  Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2   <u>Meet and Confer</u>:  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

7.3   Judicial Intervention: If the Parties cannot resolve a challenge without court intervention, the Parties shall initiate the judicial dispute resolution process under Local Rule 37. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movants have complied with the meet and confer requirements imposed by the preceding Meet and Confer paragraph (7.2).

7.4    In the event that counsel for a Party receiving Documents, testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific documents, testimony or information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate documents, testimony or information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on documents, testimony or information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation

Motion by the Court, any and all existing designations on the documents, testimony or information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "CONFIDENTIAL" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such documents, testimony or information shall be de-designated in accordance with the Designation Objection applicable to such material.

7.5     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1     <u>Basic Principles</u>:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Order shall limit a Party's use or disclosure of  its own information.

This Order is without prejudice to the right of any Party hereto to: (i) object to any discovery request; (ii) apply to the Court for any further order relating to any

confidential information; or (iii) apply to the Court for an order permitting disclosure of Protected Materials or Information other than as provided herein.

The provisions of this Order may also be modified on a Party's or the Court's own motion.

8.2     Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     The Court and its personnel;

(e)     Court reporters  and videographers (and their staff) engaged by the Parties for depositions or any other court proceeding in this Action;

(f)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

/ / /

(h)     During their depositions or any evidentiary hearing (or preparation for either), witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

9.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9.2     If the Designating Party timely seeks a protective order, the Party or Non-Party served with the subpoena or court order shall not produce any

information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)   Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)   Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)   Make the information requested available for inspection by the Non-Party, if requested.

10.3   If the Non-Party fails to  seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive

to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11.1   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

12.1   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

/ / /

**13.   MISCELLANEOUS**

13.1   <u>Right to Further Relief</u>:  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Filing Protected Material</u>:  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.   FINAL DISPOSITION**

14.1   After the final disposition of this Action, as defined above, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth above.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  April 21, 2021

_____
HON. JOHN E. MCDERMOTT
United States Magistrate Judge